IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STACEY IAN HUMPHREYS,         )<br>                                                     )<br>    Plaintiff,                              )<br>                                                     )<br>v.                                                 )<br>                                                     )<br>TYRONE OLIVER, Commissioner,   )<br>    Georgia Department of Corrections, )<br>                                                     )<br>JACOB BEASLEY, Warden,        )<br>    Georgia Diagnostic and            )<br>    Classification Prison,               )<br>                                                     )<br>    Defendants.                         )<br>_____  ) | CIVIL ACTION NO.<br>1:25-CV-7012-LMM |

## **JOINT STIPULATION OF DISMISSAL**

Plaintiff and Defendants jointly stipulate to dismissal of this suit.  *See* Fed. R. Civ P. 41.  This stipulation is based on Defendants' agreement to make certain accommodations to the Protocol as described below.

**I.     Background**

Mr. Humphreys is a prisoner on Georgia's death row.  A warrant for Mr. Humphreys's execution was signed by the Superior Court of Cobb County on

1

December 1, 2025. Dkt. No. 1 at 4 ¶ 9.[1] Mr. Humphreys filed a 42 U.S.C. § 1983 complaint challenging Georgia's method of execution alleging a violation of his Eighth and Fourteenth Amendment rights on December 9, 2025. Dkt. No. 1. Specifically, Mr. Humphreys alleged that as a result of "unique and significant health conditions, including severe obstructive sleep apnea and a host of additional cardiopulmonary issues, [he] will struggle to breath throughout the Protocol's pre-execution procedures where he will be bound to a gurney and rendered immobile on this back." *Id.* at 9 ¶ 30. As an alternative to the current protocol, Humphreys requested that the State allow him to "stand or sit in a fully upright position, at a 90-degree angle throughout the entire execution process." *Id.* at 11, ¶ 36.

Since the filing of the complaint, the Parties have consulted and reached an agreement to dismiss this action on the below terms.

## II.  Joint stipulation of dismissal

The parties jointly agree to the dismissal of this suit on the following terms:

1. In the event that a warrant is issued for Mr. Humphreys's execution at any time in the future, Defendants agree to make the following accommodations to the Protocol:

    a. Defendants will elevate the gurney to the maximum extent possible during the execution process to accommodate Mr. Humphreys's

---

[1] That warrant ultimately expired on December 24, 2025.

     medical conditions. *See* Declaration from Bryan Wilson, Deputy General Counsel for the Georgia Department of Corrections ("Ex. 1"), ¶ 5.

  b. If at any time while on the gurney Mr. Humphreys's breathing becomes restricted based on his body position, blankets will be placed behind him to further elevate his upper body and that process will continue until Mr. Humphreys is in a position sufficient to alleviate the restriction. Ex. 1, ¶ 5.

  c. All members of the medical team who will be present at and oversee the execution will be informed of Mr. Humphreys's conditions and provided with Dr. Zolty's affidavit and Mr. Humphreys's medical records. *See id.* at ¶ 6.

  d. The medical team will be made aware of the proposed method for maintaining Mr. Humphreys in an elevated position and will ensure that he can be kept in a position that does not obstruct his breathing. *Id.*

  e. The medical team will closely monitor Mr. Humphreys from the time he is brought into the execution chamber and placed on the gurney until the end of the execution. *Id.*

2. The Parties request that the Court retain jurisdiction solely for the purposes of enforcing the terms of the settlement agreement, incorporated herein by reference, and the parties further agree that the Court may enter

a judgment of enforcement upon any breach of the settlement agreement. If a new warrant is issued for Mr. Humphreys's execution at some time in the future, the parties may notify the Court to discuss a procedure for ensuring the enforcement of the agreement, if necessary, during the time period that the execution is scheduled to take place.

3. Subject to Defendants' compliance with all terms, Mr. Humphreys agrees to the dismissal of this action.

## III. Conclusion

This Court should accept the settlement terms, retain jurisdiction for the purpose of enforcing the terms of the agreement, and dismiss this action only after such time as Defendants have complied.

This, the 13th day of January, 2026.

    Respectfully submitted,

    */s/ Nathan A. Potek*

    Nathan A. Potek (Ga. Bar No. 747921)
    FEDERAL DEFENDER PROGRAM, INC.
    101 Marietta Street, Suite 1500
    Atlanta, Georgia 30303
    404-688-7530
    (fax) 404-688-0768
    Nathan_Potek@fd.org

*/s/ Lindsey B. Mann*

Lindsey B. Mann (GA Bar No. 431819)
Anaid Reyes Kipp (GA Bar No. 703283)
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308
404-885-3000
lindsey.mann@troutman.com
anaid.reyes-kipp@troutman.com

COUNSEL FOR MR. HUMPHREYS


*/s/ Sabrina Graham*

Sabrina Graham
OFFICE OF THE ATTORNEY GENERAL
40 Capital Square, SW
Atlanta, Georgia 30334
404-458-3239
sgraham@law.ga.gov

COUNSEL FOR DEFENDANTS