IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STACEY IAN HUMPHREYS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:25-cv-07012-LMM |
| v. | : | |
| | : | |
| TYRONE OLIVER, | : | |
| *Commissioner, Georgia Department of Corrections*, et al., | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

The parties have filed a Joint Stipulation of Dismissal. Dkt. No. [8]. In the document, however, the parties state that they have reached a settlement agreement and request that the Court accept the settlement terms, retain jurisdiction for the purpose of enforcing the terms of the agreement, and dismiss the action only after such time as Defendants have complied with the settlement agreement. Id. The Court therefore construes the filing as a notice of settlement rather than a stipulation of dismissal.

Upon due consideration, the Court accepts the parties' settlement terms. Because the case is settled, the pending motion for injunctive relief, Dkt. No. [4],

is **DENIED AS MOOT**, and the case is **ADMINISTRATIVELY CLOSED**.[1]

The parties are **DIRECTED** to file quarterly status reports starting **90 DAYS** from the entry of this Order. The reports shall contain either (1) the necessary documents to dismiss this case or (2) a joint status update notifying the Court why they are unable to file such documents.

**IT IS SO ORDERED** this 15th day of January, 2026.

_____
**Leigh Martin May**
**Chief United States District Judge**

---

[1] Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner. The parties may move to re-open an administratively closed case at any time.